```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION

CHERRY K. HALLBACK,

              Plaintiff,
v.                                Case No.  8:10-cv-888-T-33TBM

HILLSBOROUGH COUNTY,
FLORIDA,

              Defendant.
_____/
```

### ORDER

This cause is before the Court pursuant to Defendant Hillsborough County, Florida's Motion to Dismiss Counts II and III of the Plaintiff's Complaint (the "Motion to Dismiss" Doc. # 5) filed on May 25, 2010.  Plaintiff Cherry K. Hallback filed a Response in Opposition to the Motion to Dismiss on June 4, 2010.  (Doc. # 8).  For the reasons that follow, the Court will grant the Motion to Dismiss.

### I.   Factual Background and Procedural History

On April 16, 2010, Ms. Hallback filed this suit against Hillsborough County.  (Doc. # 1).  Ms. Hallback's complaint contains the following three counts against Hillsborough County: (1) violation of Title VII of the Civil Rights Act ("Title VII") based on race; (2) violation of Title VII based on sex; and (3) violation of Title VII based on age.  (Doc. #

1

1). Ms. Hallback seeks a declaration from this Court that Hillsborough County violated her civil rights and unlawfully terminated her employment because of her race and sex.[1] (Doc. # 1 at 9). Additionally, Ms. Hallback seeks $300,000.00 in compensation for back pay, front pay, mental anguish, humiliation, and loss of enjoyment of life; as well as her attorney's fees and costs. (Doc. # 1 at 9).

Hillsborough County seeks dismissal of Count II (sex discrimination) and Count III (age discrimination). (Doc. # 5 at 1). Ms. Hallback concedes that Count III of her complaint should be dismissed. (Doc. # 8 at 1). As such, the Court's analysis will only concern whether Count II (sex discrimination) is subject to dismissal.

## II. Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further,

---

[1] While Ms. Hallback's complaint included a Count III based on age discrimination, she later describes this Count a mistake in her response in opposition (Doc. # 8 at 1). As such, Ms. Hallback "will concede that Count III [alleging age discrimination] . . . of her complaint should be dismissed because it was not raised in her charge of discrimination with the EEOC." (Doc. # 8 at 1).

2

this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] . . . complaint and all reasonable inferences therefrom are taken as true.")  However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotations and citations omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

Pursuant to Title VII, before beginning a Title VII lawsuit, a plaintiff must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1); Lewis v. City of Chicago, Ill., 130 S.Ct. 2191, 2196-97 (2010); Hillemann v. Univ. of Cent. Fla., 167 Fed. App'x 747, 749 (11th Cir. 2006).

3

Further, the Supreme Court instructs that "[d]etermining whether a plaintiff's charge is timely . . . requires identifying precisely the unlawful employment practice of which he complains." Lewis, 130 S.Ct. at 2197 (citing Del. State Coll. v. Ricks, 449 U.S. 250, 257 (1980)) (internal quotations omitted).

Hillsborough County argues that Ms. Hallback's complaint fails to precisely identify that she timely presented her claim of sex discrimination to the Equal Employment Opportunities Commission ("EEOC"). (Doc. # 5 at 1). Rather, Hillsborough County asserts, Ms. Hallback's complaint only precisely identified that she timely presented her claim of race discrimination to the EEOC. (Doc. # 5 at 2). As such, Hillsborough County asserts that Ms. Hallback's claim for sex discrimination must be dismissed for failure to allege that she exhausted her administrative remedies with the EEOC. (Doc. # 5 at 2).

In her opposition, Ms. Hallback directed the parties to consider her EEOC Charge of Discrimination Form, which she attached to her opposition. (Doc. # 8 at 4). This form clearly indicates that Ms. Hallback charged Hillsborough County with discrimination based on both race and sex by checking both applicable boxes. (Doc. # 8 at 4). However,

4

Ms. Hallback failed to attach the EEOC Charge of Discrimination Form to her complaint, nor did Ms. Hallback's complaint otherwise allege that she timely presented her claim of sex discrimination to the EEOC. (Doc. # 1). Ms. Hallback acknowledges this deficiency, admitting that she "made a scriveners error by listing race only, instead of race and sex." (Doc. # 1 at 2). As such, it is clear that Count II for sex discrimination fails to state a claim upon which relief may be granted.

Accordingly, the Court finds it appropriate to grant the Motion to Dismiss. By agreement of the parties, Count III of Ms. Hallback's complaint alleging age discrimination is dismissed with prejudice. However, Count II of Ms. Hallback's complaint alleging sex discrimination is dismissed without prejudice and Ms. Hallback may file an amended complaint to properly state this claim within ten days of the date of this Order. See Burnett v. City of Jacksonville, Fla., 2010 WL 1661244 at *1 (11th Cir. April 27, 2010); Hillemann v. Univ. of Cent. Fla., 167 Fed. App'x 747, 749 (11th Cir. 2006).

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Hillsborough County's Motion to Dismiss Counts II and III of the Plaintiff's Complaint (Doc. # 5) is **GRANTED**.

(2) Count II of Ms. Hallback's complaint is **DISMISSED WITHOUT PREJUDICE** and Ms. Hallback may file an amended complaint to properly state her claim for sex discrimination within ten days of the date of this Order.

(3) Count III of Ms. Hallback's complaint is **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>15th</u> day of September, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

6